U.S. Equal Employment Opportunity Commission
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
By: Stephanie Marino, Trial Attorney
Tel: (215) 440-2841
Fax: (215) 440-2848

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | **COMPLAINT** **JURY TRIAL DEMAND** |
| KMART CORPORATION (a subsidiary of Sears  Holding Corporation) | ) ) ) | |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices that discriminate on the basis of sex

and to provide appropriate relief to M. Doe ("Ms. Doe"), who was adversely affected by such

practices.  As articulated with greater particularity in paragraph 7 below, the Commission alleges

that during her employment, Ms. Doe (a minor) was brutally and sexually assaulted  by her 20-year

old supervisor, Alan Payne.  This unlawful act created a sexually hostile and offensive work

environment for her as a female. The Commission further alleges that although Ms. Doe's mother

notified Defendant's management about the assault, Defendant made no inquiry of the circumstances

of the assault, and failed to otherwise conduct an investigation of the actions of its supervisor. As

a result of Defendant's inaction, Mr. Payne remained employed and sexually assaulted a second

Kmart employee. The Commission alleges that at the time of this incident, Defendant had ineffective

sexual harassment policies and procedures. As a result of the seriously inappropriate sexual conduct of its supervisor, Ms. Doe suffered severe emotional distress and was constructively discharged from her position.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.   The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States for the Eastern District of Pennsylvania.

PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, as amended 42 U.S.C. § 2000(e)-5(f)(1) and (3).

4.   At all relevant times, Defendant, Kmart Corporation (a subsidiary of Sears Holding Corporation) ("Kmart"), has been and is now doing business in the Commonwealth of Pennsylvania and the City of Norristown and has continuously had at least 15 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000(e)(b), (g) and (h).

## STATEMENT OF CLAIMS

6.   More than thirty days prior to the institution of this lawsuit, M. Doe filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.   Since at least October 3, 2003, Defendant Employer has engaged in unlawful employment practices at its Norristown, Pennsylvania location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Ms. Doe, to a sexually hostile and offensive work environment based upon incidents which include, but are not limited to, the following:

(a)   M. Doe was employed with Defendant as a part-time cashier since July 14, 2003. At the time Ms. Doe was employed with Defendant, she was sixteen years old and was a high school student.

(b)   On or about October 3, 2003, Ms. Doe was asked by her twenty-year old supervisor, Alan Payne, to accompany him into the stockroom of Defendant's store to secure candy in order to restock the shelves. As directed, she complied.

(c)   While in a bent-over position with her back to Mr. Payne, Mr. Payne came up behind Ms. Doe, groped her breasts and vaginal area and sodomized her. Ms. Doe did not give Mr. Payne her permission to touch her, let alone penetrate her in such a deviate manner.

(d)   On or about October 5, 2005, Ms. Doe's mother called Defendant's place of business and spoke to a store Manager/Supervisor and advised that her daughter, Ms. Doe, had been sexually assaulted by a store supervisor, Mr. Payne, and would not be returning to work. Respondent did not inquire about the sexual assault, nor did it make any attempt to contact Ms. Doe about the sexual assault. Notwithstanding notification about the sexual assault committed by Mr. Payne upon Ms. Doe, Defendant took no action to define exactly what had occurred between the two employees, nor

did it undertake an investigation of the allegation at that time.

(e)  Ms. Doe signed a sworn Complaint against Mr. Payne on October 6, 2005 with the East Norriton Police Department.  Payne was arrested at the Defendant's premises on October 14, 2003. Following his sexual assault upon Ms. Doe and his arrest, Mr. Payne remained employed with Defendant.

(f)  As a result of Defendant's failure to investigate and inaction following Ms. Doe's sexual assault, and the October 14, 2003 arrest of Mr. Payne on store premises, Mr. Payne allegedly sexually assaulted another Kmart employee on November 26, 2003.  He was again arrested at Defendant's premises on December 22, 2003.

(g)  On May 6, 2004, Mr. Payne accepted a plea in exchange for pleading guilty to the charge of sexual assault and probationary supervision in connection with the sexual assault of Ms. Doe.

(h)  Following the sexual assault on October 3, 2003, Ms. Doe was constructively discharged from her employment with Defendant.

(i)  During the relevant time period, Defendant failed to effectively train its supervisors about sexual harassment policies and procedures, failed to effectively train its supervisors about maintaining a harassment-free workplace, failed to provide effective training materials to its supervised employees, failed to post effective materials regarding maintaining a harassment-free workplace, failed to effectively advise supervised employees of methods for reporting claims of sexual harassment and failed to maintain policies and procedures for investigating and addressing claims of sexual harassment.

8.  The effect of the practices complained of in paragraphs 7 (a) through (i) above has been to deprive Ms. Doe, as a female employee, of a harassment free work environment, equal employment opportunities and otherwise adversely affects her status as an employee because of her

sex.

9.    The acts complained of in paragraphs 7 (a) through (i) above were intentional and malicious.

10. The unlawful employment practices complained of in paragraphs 7 (a) through (i) above were done with reckless indifference to the federally protected rights of Ms. Doe as a female employee.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment and any other employment practice which discriminates on the basis of sex.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, which provide for an harassment free work environment, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to institute and carry out anti-discrimination and sexual harassment policies and complaint procedures.

D.    Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination, harassment and retaliation.

E.   Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-

harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the department charged with handling such complaints.

F.    Order Defendant Employer to make whole M. Doe by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.    Order Defendant Employer to make whole M. Doe by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 (a) through (i) above, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.    Order Defendant Employer to make whole M. Doe by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (i) above, including pain and suffering, humiliation, embarrassment, loss of life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

I.    Order Defendant Employer to pay M. Doe punitive damages for its malicious and reckless conduct described in paragraphs 7 (a) through (i) above, in amounts to be determined at trial.

J.    Grant such further relief as the Court deems necessary and proper in the public interest.

K.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

> JAMES L. LEE
> Deputy General Counsel
>
> GWENDOLYN YOUNG REAMS
> Associate General Counsel
>
> U.S. EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
> 1801 L. Street, NW
> Washington, DC 20507
>
> JACQUELINE H. MCNAIR
> Regional Attorney
>
> JUDITH O'BOYLE
> Supervisory Trial Attorney
>
> SM945
> STEPHANIE MARINO
> Trial Attorney
> Stephanie.Marino@eeoc.gov
>
> EQUAL EMPLOYMENT OPPORTUNITY
> COMMISSION
> Philadelphia District Office
> The Bourse Building
> 21 S. 5th Street, Suite 400
> Philadelphia, PA 19106
> Telephone (215) 440-2814