IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| And | ) ) |
| M. DOE, | ) CIVIL ACTION NO. 05-cv-5054(RFK) |
| Plaintiff-Intervenor, | ) ) ) |
| v. | ) ) |
| KMART CORPORATION (a subsidiary of Sears Holding Corporation), | ) ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

Introduction

A.  This action was instituted by the U.S. Equal Employment Opportunity Commission ("the EEOC" or "the Commission") on or about September 22, 2005 against Kmart Corporation (a subsidiary of Sears Holdings Corporation) ("Kmart" or "Defendant") to enforce provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. ("Title VII"). In its Complaint, the Commission alleged that Defendant Kmart subjected Charging Party, M. Doe[1], to a sexually hostile work environment when she was sexually assaulted by her Supervisor, Alan Payne, at the Kmart store in Norristown, Pa (the "Store") which created a sexually hostile and offensive

---

[1] At the time of the alleged incident, Charging Party ("CP") was a minor. Due to her age, Charging Party has been identified as "M. Doe" within the pleadings to protect her identity. In an effort to remain consistent, she will be identified herein as "M. Doe," as well.

1

work environment for her as a female. The Commission further alleged that during the relevant time period, Kmart failed to have effective sexual harassment policies in place and failed to properly and effectively investigate the incident. The Commission alleged that as a result of the sexual assault and the sexually hostile work environment, the Charging Party was forced to resign from her employment and was constructively discharged from her position as a part-time cashier. The Commission also alleged that she suffered damages, including severe emotional distress and lost wages, as a result of the aforementioned illegal conduct of the Defendant. Kmart has denied all of the Commission's allegations.

      B.     This Consent Decree is entered into by and shall be final and binding between the EEOC and Kmart, its directors, officers, agents, successors and assigns.

      C.     The Commission and Defendant agree to the entry of this Consent Decree, which shall fully and finally resolve all claims the EEOC raised in its Complaint in Civil Action No. 05-cv-5054 (RFK). This Consent Decree shall not constitute either an adjudication of or finding on the merits of the complaint and shall not be construed as an admission by Defendant of any violation of Title VII.

      D.     The scope and effect of this Consent Decree are intended to be limited solely to the claims raised in the EEOC's Complaint in Civil Action No. 05-cv-5054 (RFK), and the full and final resolution of those claims.

Findings

      E.     Having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the parties, the Court finds: (1) it has jurisdiction of the parties and subject matter jurisdiction of this action; and (2) the terms of this Decree are fair,

reasonable, equitable and just, and adequately protect the rights of the parties, and the public interest.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

### Non-Discrimination and Non-Retaliation

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Defendant will not discriminate against any employee on the basis of sex in violation of Title VII..

3. Defendant will not engage in any employment practices which retaliate in any manner against any person, including but not limited to M. Doe, because of that person's opposition to any practice made an unlawful employment practice under Title VII, or because that person has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

4. Defendant shall only divulge to any identifiable employer or potential employer of M. Doe, Ms. Doe's start date, position title, final salary and end date and indicate that such limited disclosure is part of its business practice.

5. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant under Title VII or the EEOC's authority to process or litigate any charge of discrimination now pending (except the instant matter) or filed in the future against Defendant.

### Monetary Relief

6. No later than 15 days after receipt of a Release executed by Ms. Doe, Defendant agrees to pay monetary relief in the amount of $295,000.00 to M. Doe, in full settlement of the claim raised on her behalf against Defendant in the EEOC's Complaint. The check will be mailed to M.

Doe's private attorney and a copy within five business days thereafter to the attention of Stephanie Marino, Trial Attorney, EEOC, 21 South Fifth Street, Suite 400, Philadelphia, PA 19106-2515. In order to receive this monetary relief, Ms. Doe must execute a Release, to be submitted by Defendant to Ms. Doe's private counsel. Late payment of the check will be subject to the accrual of interest on the unpaid amount, calculated pursuant to 28 U.S.C. § 1961.

### Posting of Notice

7. Within 20 business days after entry of this Decree, Defendant shall post at the Store, a same-sized copy of the Notice attached as Exhibit A to this Decree on the bulletin board used to communicate with the Store's employees. The Notice shall remain posted for two (2) years from the date of entry of this Decree. Defendant shall forward a certification that the Notice has been posted and dates of posting within 30 days after entry of this Decree to Stephanie Marino, Trial Attorney, EEOC, 21 South Fifth Street Suite 400, Philadelphia, PA 19106-2515. If the posted copy become defaced, removed, marred or otherwise illegible, Defendant agrees to post a readable copy in the same manner as heretofore specified within three (3) days of notice of same.

### Non-Discrimination and Anti-Harassment Policies and Complaint Procedures

8. Defendant shall distribute to all of its existing employees and any newly-hired employees at the Store following the entry of this Consent Decree, its policy or policies against discrimination, sexual harassment and retaliation, along with its policy or policies concerning complaint procedures and reporting incidents of sexual harassment, within 30 days after entry of this Consent Decree.

### Supervisor Accountability

9. Defendant shall promote supervisor accountability at the Store by the following

conduct:

(a) providing annual anti-discrimination training to all of its supervisory and managerial personnel as set forth in Paragraph 10.

(b) disciplining, up to and including discharge, any supervisor or manager who violates Defendant's policy or policies against discrimination, harassment and retaliation; and

(c) imposing on all managers and supervisory personnel a duty to administer their work areas to ensure compliance with Defendant's policy against discrimination, harassment and retaliation; and

(d) requiring all managers and supervisors to report any incidents and/or complaints of harassment and/or retaliation of which they become aware to the employee or employees designated to handle complaints of discrimination, harassment and retaliation.

<u>Training</u>

10. Defendant shall provide training at the Store on the requirements of Title VII as follows:

(a) Defendant agrees to provide annual training sessions at the Store for any employee or employees responsible for responding to Title VII complaints made at Kmart through a trainer approved by the EEOC. The training will cover employee rights and employer obligations under both Title VII and relevant state or local anti-discrimination laws, and will emphasize what constitutes unlawful harassment and discrimination in the workplace, how to keep the company free from such discrimination, what constitutes unlawful retaliation, and will summarize how to conduct a prompt and effective investigation into allegations, complaints or charges of discrimination;

(b) Defendant shall first provide training herein in accordance with Paragraph 10(a) by

5

no later than 90 calendar days after entry of this Consent Decree and also shall provide such training in calendar year 2007.

11. Defendant shall obtain the EEOC's approval of its proposed trainer prior to each year's training sessions.

12. Defendant agrees at its expense to provide the EEOC with copies of all pamphlets, brochures, outlines or other written materials provided to attendees of training sessions. Even though the EEOC has approved of or designated a trainer to provide training for one year, it is not required to approve of or designate the same trainer for future training sessions.

## Dispute Resolution

13. In the event either party to this Decree believes the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance within 20 days of the alleged non-compliance and afford the alleged non-complying party 20 business days to remedy the non-compliance or satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within 20 business days, the complaining party may apply to the Court for appropriate relief.

## Miscellaneous Provisions

14. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

15. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Defendant in their capacities as representatives, agents, directors and officers of Defendant and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the

event any individual is found in contempt for a violation of this Decree.

16. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 05-cv-5054.

17. This Consent Decree shall be filed in the United States District Court for the Eastern District of Pennsylvania and shall continue in effect for two (2) years. During this time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than 30 days' notice to the other party. Should any material disputes under this Decree remain unresolved after this two-year period, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Consent Decree) until such time as all disputes have been resolved.

18. The Clerk of the District Court is hereby directed to send a file-stamped copy of this Consent Decree to counsel of record.

| For Plaintiff EEOC: | For Defendant Kmart Corporation.: |
|---|---|

RONALD S. COOPER
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Wash., D.C.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____          _____
JACQUELINE H. McNAIR                                      MICHAEL J. LANE
Regional Attorney                                                FREDERICK A. PETTIT

_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney

_____
STEPHANIE MARINO
Trial Attorney

U. S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106
(215) 440-2828

ANDERSON, KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020

1600 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 568-4202

By the Court: _____   Date: Sept. 21, 2006
ROBERT F. KELLY
UNITED STATES DISTRICT JUDGE

**FILED**

SEP 21 2006

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

9/21/06
7. Pellet
J. McNair
J. O'Boyle
M. Lane
S. Marino

8

EXHIBIT A

**NOTICE TO ALL KMART EMPLOYEES**

This Notice is posted pursuant to a Consent Decree entered by the federal court for the Eastern District of Pennsylvania in <u>EEOC v. Kmart Corporation (a subsidiary of Sears Holding Corporation)</u>, Civil Action Number 05-cv-5054 (RFK), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Kmart Corporation (a subsidiary of Sears Holding Corporation) ("Kmart").

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et seq.</u>, as amended ("Title VII"), prohibits discrimination against employees and applicants for employment based upon national origin, sex, race, color or religion. Title VII further prohibits retaliation against employees or applicants who avail themselves of their rights under Title VII by engaging in protected activities, such as filing a charge of discrimination and/or testifying or participating in a Commission investigation. The EEOC is the federal agency which investigates charges of unlawful employment discrimination. The EEOC has the authority to bring lawsuits in federal court to enforce Title VII.

In its lawsuit, the EEOC alleged that Kmart subjected an employee to harassment and a hostile work environment based on sex, causing the employee to constructively discharge, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Kmart denies these allegations and nothing in the Consent Decree shall constitute either an adjudication of or finding on the merits of the Complaint and shall not be construed as an admission by Kmart of any violation of Title VII.

To resolve the case, Kmart and the EEOC have entered into a Consent Decree which provided, among other things, that: (1) Kmart agrees that it will not discriminate on the basis of sex in the future; (2) Kmart will not retaliate against any person because he or she opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and (3) Kmart will train any employee or employees at Kmart's Norristown, PA facility with responsibility for responding to Title VII complaints made at Kmart, regarding discrimination, sexual harassment and retaliation, and regarding its policy prohibiting discrimination, harassment and retaliation, as well as its policies and procedures regarding complaint procedures.

If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has employees who speak languages other than English.

<u>THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE</u>

This Notice must remain posted at Kmart's Norristown, Pa facility for <u>two (2) years from the date below</u> and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the Regional Attorney, EEOC Philadelphia District Office, 21 South 5th Street, Philadelphia, PA 19106.

_[signature]_                                                _[signature]_

U.S. Equal Employment Opportunity Commission                 Kmart Corporation (a subsidiary of Sears Holdings Corporation)

DATED: 9/19/06                                                DATED: 9/13/06